[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
BACKGROUND
This is a suit for money damages based upon a claimed breach of an express contract. The Plaintiff, an attorney, alleges that "[t]he defendant solicited the plaintiff's services as an attorney in a dissolution case and entered into an agreement of representation on March 7, 1991, whereby the defendant agreed to compensate the plaintiff on an hourly basis of $175.00/hour for all services rendered, plus costs or disbursements which the plaintiff incurred on the defendant's behalf in said action." The Plaintiff CT Page 8070 also claims that at the Defendant's request, he represented him for a domestic violence matter that arose "[I]n the course of said dissolution case and stemming therefrom. . . .".
The Plaintiff seeks $19,628.70 for 111.3 hours at $175.00 per hour, plus costs of $151.20, less $1,710 credit for payment by the Defendant, a net balance of $17,918.70.
The Defendant admits that there was an express agreement between the parties entered into on March 7, 1991, but it is his claim that the agreement was that the total fee for representation in the divorce action was to be not more than $2,000.00, plus costs.
FACTS
After reviewing the testimony and the exhibits, and evaluating the credibility of the witness, the court makes the following factual findings:
1. On March 7, 1991, the parties entered into an oral agreement that provided that the Plaintiff would represent the defendant in a dissolution of marriage case for a fee of $175.00 per hour plus costs. The Plaintiff said he required a retainer fee of $750.00 plus costs of $125.00.
2. By letter of May 22, 1991, (Pl.'s Ex. 2), the Plaintiff confirmed the agreement, and enclosed a statement (Pl.'s Ex. 1) with the letter in the amount of $750.00 for the retainer fee, plus costs in the amount of $125.00 for the court entry fee and $35.00 for the estimated sheriff's fee, a total of $910.00.
3. The Defendant received both the letter and the statement, and promptly sent the Plaintiff a check for $910.00.
4. The Plaintiff did not mention to the Defendant the subject of his fee again until he sent the Defendant a letter dated September 24, 1992 (Pl.'s Ex. 11), in which he stated he "would appreciate an additional retainer of $1,200.00." In a series of payments from November, 1992 to September, 1993, the Defendant paid $900.00 of the $1,200.00, and thereafter the Plaintiff refused to accept one additional check for $190.00. The Defendant has therefore paid a total of $1,650.00 plus $160.00 in costs.
5. The next time after the letter of September 24, 1992, that CT Page 8071 the matter of the fee came up was on November 2, 1993 when the parties were in court for trial of the case. At that time the Defendant signed a financial affidavit prepared by the Plaintiff's secretary, which showed that the Defendant owed the Plaintiff $11,415 for legal fees. This affidavit was not an admission by the Defendant that he owed that amount but was rather an improper attempt to inflate the Defendant's debts so the court hearing the case would make financial awards more favorable to the Defendant.
6. Shortly thereafter a dispute arose over the Plaintiff's fee. On February 3, 1994, the Plaintiff sent the Defendant a bill in the net amount of $17,918.70, computed as follows:
 111.3 hours at $175.00 per hour $19,477.50 Costs 151.20 ---------- $19,628.70 Less payments received 1,710.00 ---------- Total Due $17,918.70
7. The Plaintiff has established, through reliable contemporaneous time records, that he performed services for specific amounts of time, on the following dates only:
a. March 7, 1991, office conference, 1.5 hours (Pl.'s Ex. 7);
 b. November 1, 1993 (mistakenly shown on Pl's Ex. 6 as 11/2/93), 4.9 hours, trial preparation;
 c. November 2, 1993, (Pl.'s Ex. 6) court appearance for trial, 8 hours;
 d. November 3, 1993, 6.5 hours, court appearance and other work, (Pl.'s Ex. 6);
 e. Tel. calls and court appearance as indicated on Pl.'s Ex. 12, 3.9 hours.
 DISCUSSION
The Plaintiff has failed to prove most of the time he alleges he spent in performance of legal services for the Defendant. The Plaintiff produced only a few contemporaneous time records, showing a total of 24.8 hours. In an effort to prove additional hours, he CT Page 8072 introduced into evidence some reconstructed time sheets, a list of Plaintiff's documents prepared and transmitted, a list of Defendant's documents reviewed, and a list of hearings.
Very little of Plaintiff's claimed hours have been documented with contemporaneous time records. Without such records the court would have to indulge in speculation, based on unreliable testimony, and therefore the Plaintiff has not proved by a fair preponderance of the evidence, the hours claimed in his statement of February 3, 1994 (Pl.'s Ex. 5). That statement was prepared only after a dispute over the fee arose, and the court finds it to be unreliable and unpersuasive. See, Tedesco v. Stamford, 214 Conn. App. 377,384-385 (1991).
The court is not concluding that the Plaintiff did not spend more than 24.8 hours, but rather that he has proved only 24.8 hours.
With respect to the Defendant's Special Defenses, the court finds that the Defendant failed to prove Special Defense 1, Special Defense 2 and Special Defense 3.
The Plaintiff is entitled to 24.8 hours at $175.00 per hour ($4,340.00) plus costs of $151.20, a total of $4,491.20, less payments of $1,810.00, leaving a net owing of $2,681.20.
Judgment is entered in favor of the Plaintiff in the amount of $2,681.20.
RICHARD A. WALSH, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 8085